LILLIAN BUMRY V. THE STATE.

No. 23507. Delivered December 4, 1946.
Rehearing Denied January 29, 1947.

Art Schlofman, of Dalhart, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a thirty-five year sentence in the penitentiary on a charge of murder.

The facts present a picture of a wanton and cruel killing following a Saturday night of gambling and drinking, in a small room in which the appellant and the man with whom she was living as her husband resided, in the City of Dalhart. The case was submitted to the jury with a charge on circumstantial evidence. This charge was given by the cautious trial judge, though the facts would probably sustain a conviction without such charge.

At the proper time motion was filed to quash the indictment in the case and each of the four counts were attacked. The court sustained appellant's contention as to the first count in the indictment. In submitting the case to the jury he charged them not to consider the first and third counts, indicating commendable care and caution in the trial of the case.

The jury convicted appellant of murder with malice on the second count, and the complaint before us attacking that count is first presented for our consideration. No brief was filed and no argument made and we are at a loss to know upon what

authorities appellant relies. We know of nothing that will sustain the contention. The allegation is that she did "then and there unlawfully and fraudulently and with malice aforethought kill Simon Zachary by then and there throwing and pouring an inflammable liquid in and upon the said Simon Zachary and in and upon the clothes the said Simon Zachary was then wearing, and in and upon the bedclothes upon which bed the said Simon Zachary was then and there reclining; and the said Lillian Bumry, acting as aforesaid, did then and there set fire to and ignite said inflammable liquid, clothes, bedclothes and bed, which said fire so set and ignited as aforesaid by the said Lilliam Bumry, did then and there burn, injure and wound the body of the said Simon Zachary, from which said burning injuries and wounds to the body of the said Simon Zachary caused as aforesaid, the said Simon Zachary did die."

This allegation completely informs the accused of the crime for which she was charged, together with the manner and means used in committing the murder. It alleges an overt act instead of pleading a legal conclusion, and complies with all constitutional and statutory requirements. We know of no decision to the contrary and appellant has cited us to none.

A number of exceptions have been lodged against the court's charge and special requested charges were presented and are found in the record. The court corrected his charge sufficiently, in our opinion, to meet all valid exceptions lodged against it. In the absence of a brief and argument to sustain contentions made, we are not discussing each one separately.

Most of the bills of exception were qualified by the court, which qualifications seem to have been acceptable to the appellant, and as so qualified they reflect no error. It will likewise not be necessary to comment on all of these.

Bill of Exception No. 8 complains of the introduction of the evidence of Eva Brown to the effect that the liquid poured on the deceased was coal oil. This objection is based on the contention that the indictment was not good without alleging coal oil. Had the indictment alleged that it was coal oil it would then have been incumbent upon the State to make the proof. In as much as it was alleged to be an inflammable liquid, evidence of the use of any inflammable liquid is proper. This question has been so frequently before our courts that citation of authority will not be necessary.

Bill of Exception No. 9 complains of the introduction in evidence of statements made to a witness by the deceased in contemplation of death, and which statements involved the appellant as the party who threw coal oil on him, after making the threat to do so. We presume the question sought to be raised by the bill is that it was not shown that the deceased made such statements in contemplation of death. We are of the opinion, however, that the rule was sufficiently complied with. When the witness walked into the room in the hospital, at some time prior to the victim's death, he recalled that he was owing the witness some money, and said that he had sent the witness some word about it. He asked the witness if he received the message sent and then stated: "Well, I got burned and I am going to die" and explained that he would not be able to pay his debt. He further said that Lillian told him she was going to burn him up before he laid down, but that he did not believe it; that he smelled coal oil, but was not able to wake up, and that when he came to his senses they had him out doors taking his clothes off and someone was throwing water on him trying to put the fire out. The wounds in the case were described by the doctor as being deep and dangerous from the beginning. They were third degree burns, and caused great suffering. He lived about twenty days. It is reasonable to expect that one would contemplate death under such circumstances, and he so expressed himself to the witness. We think this fully complied with the rule and made admissible the statement as to what the appellant said to him and what she did.

Bill of Exception No. 12 complains that the court's charge does not submit any affirmative defense which is made by the pleadings and evidence in the case. From the cumbersome and poorly prepared statements of facts, which by no means complies with the statute in its preparation, we are unable to find any defense. The appellant did not testify and offered no witness who saw the tragedy. From a careful study of such record as we have before us we are unable to discover any issue which the court should have presented on behalf of the defense in an affirmative charge. The bill points out no such issue. Other complaints in the same bill have been covered by the preceding discussion.

Finding no error in the trial of the case, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant in her motion for a rehearing seriously contends that in disposing of this case on original submission, we erred in several respects.

Her first contention is that she was tried and convicted in her absence while confined in jail. This question was raised by Bill of Exception No. 6 where the entire proceedings are set forth and from which it appears that when the special venire was called to ascertain how many of the prospective jurors were present, it was discovered that two were absent. However, at 1:30 P. M., these two men appeared and were sworn to answer questions as to their qualifications at which time defendant was brought from jail to the court house. Thereupon, appellant filed a motion for a continuance. The court then recessed until 9:00 A. M. of the next day. When the call of the jury panel began, the defendant being present, each juror was questioned by both State and defendant touching their qualifications as jurors in the absence of the other prospective jurors. We see nothing in the record which shows that she was tried in her absence.

She next asserts that we erred in not sustaining her contention that the trial court erred in not sustaining her motion to quash the indictment. There is no merit in this. The second and fourth counts of indictment are sufficient to charge an offense.

She next claims that this court erred in not sustaining her contention that the trial court erred in not sustaining her motion to require the State to elect upon which count it would seek a conviction. The court overruled her motion and submitted the case to the jury on counts 2 and 4, each of which charged her with the offense of the murder of Simon Zachary. The only difference in the two counts is in charging the means employed to accomplish the murder. In this there is no error. See note 35 under Art. 417, Vernon's Ann. C. C. P. where many authorities are cited sustaining the ruling of the court.

There are other matters raised in the motion which we did not discuss on original submission because we found the same to be without merit. However, we have re-examined the same and are still of the opinion that no reversible error is shown by any of the bills of exception, and we see no need for an extended discussion thereof.

Being of the opinion that the case was properly disposed of on original submission, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.