David GUTIERREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 46904.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

James H. Pearl, James L. Anderson, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Fred Rodriguez, Gus Wilcox and Michael P. Hodge, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was convicted of the offense of murder with malice. The jury assessed his punishment at twelve years' imprisonment.

Appellant's grounds of error numbers one through seven relate to the admission and voluntariness of his confession. A pre-trial hearing was held on appellant's motion to suppress this confession, at which some ten witnesses testified and several exhibits were introduced.

The evidence adduced at the pre-trial hearing reflects that appellant was arrested about 3:00 a. m., on September 23, 1971. The arresting officers, two plainclothes detectives, observed appellant apparently attempting to hide from a patrolling police car. Upon approaching appellant in order to investigate, they observed that appellant's eyes were bloodshot, that he was unsteady on his feet, that his speech was slurred, and that he smelled strongly of alcohol. They testified that they immediately placed the appellant under arrest for being drunk in a public place, and that it was only after this that they learned, from his identification, his name, and realized that he was wanted for questioning in connection with the murder. Appellant was taken to the county jail "drunk tank" and held there from 4:00 a. m. until 9:00 a. m., at which time he was taken to the homicide division of the police department for interrogation. The officer who took appellant's confession testified that he read appellant a Miranda-type warning before beginning his interrogation and that he also read appellant the warnings printed upon the form on which his statement was typed. The officer also testified that appellant told him he understood the warnings and would tell what he knew about the killing. A clerk-typist who witnessed appellant's signing of the statement testified that he appeared to read and understand it before he signed. The evidence reflects that the interrogation lasted about forty-five minutes.

The appellant, testifying for the purpose of the hearing on the motion to suppress, stated that he was not arrested until after the officers learned, from a report they carried, that he was wanted for questioning; that he was never given any warnings by the arresting officers (which they admitted); that he was never given any warnings during the interrogation; that he

was ill during the interrogation (defense counsel insisted that this was heroin withdrawal, although appellant never stated that his illness, if any, was a result of this); that he had not read the confession; and that he signed the confession only because the officers promised that he would be taken to a hospital if he did so.

The interrogating officer testified that appellant "looked like he had been on a pretty good drunk," but that he did not appear to be sick. The witness to appellant's signing of the statement testified that he only looked "sad."

In his written findings of fact and conclusions of law, the court found that although appellant was not taken before a magistrate in connection with his arrest for drunkenness (see Art. 15.17, Vernon's Ann.C.C.P.), he was properly warned twice before he gave and signed his confession. The court also found that the statement was voluntarily made and was not the result of illness, or of threats or promises made to the appellant.

■ The record from the pre-trial hearing is lengthy, and contains ample evidence to support the findings of the trial court, who, as trier of fact, was free to disbelieve appellant's testimony. See Chivers v. State, 481 S.W.2d 125 (Tex.Cr.App.1972). There was sufficient evidence for the court to conclude that the arrest of appellant was legal, and not a pretext to retain him for questioning; that appellant was capable of and did make an intelligent waiver; that the warnings given were adequate to protect appellant's rights; and that the confession was not obtained by means of a "third-degree" interrogation. That appellant was not taken before a magistrate for warnings is not such error as to require reversal in this case. See Genter v. State, 473 S.W.2d 35 (Tex.Cr.App.1971); Babcock v. State, 473 S.W.2d 941 (Tex.Cr.App.1971).

■ Appellant's eighth ground of error urges that the trial court granted him inadequate discovery. The argument in support of this ground of error is extremely broad and appears to be a general complaint about the restrictiveness of Texas criminal discovery procedure. However, it appears that appellant is complaining of the court's failure to grant him discovery of some investigation reports made by a detective Gomez, who worked on the case but died before it came to trial.

The record reflects that the trial judge agreed to make an *in camera* inspection of these reports, in order to determine whether they contained information which might assist in the determination of the voluntariness of appellant's confession (which appears to be the sole basis of appellant's request for these reports at the pre-trial hearing). The court determined that the reports contained no information which would be helpful on the issue and denied appellant's request. However, the court ordered that the reports be included in the record on this appeal. We have examined these reports and agree that they contain no information which would have been helpful on the determination of whether appellant's confession was voluntarily made. See Ward v. State, 474 S.W.2d 471 (Tex.Cr.App.1971). Additionally, in view of the facts surrounding these reports; i. e., that the officer who made them had died prior to the trial, that their contents were not brought out in any way, etc., it is doubtful that appellant would be entitled to discovery of them at all. See Bradshaw v. State, 482 S.W.2d 233 (Tex.Cr.App.1972); Feehery v. State, 480 S.W.2d 649 (Tex.Cr. App.1972); and Hart v. State, 447 S.W.2d 944 (Tex.Cr.App.1969).

■ Appellant's ninth ground of error complains that the trial court overruled his objection to a statement by the interrogating officer to the effect that after appellant had given his statement he accompanied the officers to a lake and showed them the area of it wherein he had disposed of the weapon used in the killing. Appellant contends that this was an oral

inculpatory statement not shown to be true (see Art. 38.22, subd. 1(e), V.A.C.C.P.) since the gun was never found.

This contention is without merit. The record reflects that appellant's statement contained, in detail, the same information. We have already concluded that the statement was properly admitted. There was no error.

Appellant's tenth ground of error urges that the court should have granted his motion for instructed verdict. From the argument in support of this ground it appears that appellant contends that his particular confession, standing alone, was insufficient to show his agency in the offense. Appellant admits that the State proved that the murder did occur, but appears to argue that the only corroborating evidence adduced in support of appellant's confession was evidence which the police knew of before they took appellant's confession.

In appellant's words:

"Matters already known to an interrogator at the time of interrogation and included in a statement by the interrogator should not be sufficient corroboration of a confession to support a conviction."

This argument seems predicated on the assumption that the confession was not voluntarily made and, hence, had to be "tailored" to fit the circumstances of which the police had knowledge at the time of the interrogation. In view of our determination on the issue of the voluntariness of the confession, this approach can have little validity.

■ It is the settled law of this State that the confession of an accused may be used to assist in proving the *corpus delicti* of an offense. See Kugadt v. State, 38 Tex.Cr.R. 681, 44 S.W. 989 (1898); and see Fields v. State, 468 S.W.2d 71 (Tex. Cr.App.1971) and cases there cited. The fact that elements of an accused's confession tend to coincide with information of which police were aware before the taking of the confession cannot justify the suppression of the statement on grounds that it might have been tailored to fit the evidence the State possessed. At any rate, once the existence of the offense is established, the agency of the accused may be established by his confession. See Thomas v. State, 458 S.W.2d 817 (Tex.Cr.App. 1970).

■ Appellant's grounds of error eleven through eighteen complain of the trial court's refusal to grant eight of his special requested charges. Each of the requested charges related to various aspects of the voluntariness of appellant's confession. The court did give an instruction on the subject; however, appellant contends that this charge was inadequate because it failed to properly instruct the jury on every issue raised by the evidence.

We observe that, while appellant insists that each of these charges was justified by evidence presented, he does not direct this Court to any portion of the lengthy record showing where such evidence was presented. See Art. 40.09, subd. 9, V.A.C.C.P., and Green v. State, 474 S.W.2d 212 (Tex. Cr.App.1971); Smith v. State, 472 S.W.2d 520 (Tex.Cr.App.1971). However, we are of opinion that the charge given by the trial court was adequate to protect appellant's rights. There was no error. See Horn v. State, 491 S.W.2d 170 (Tex.Cr. App.1973); Webster v. State, 455 S.W.2d 264 (Tex.Cr.App.1970); and Owens v. State, 450 S.W.2d 324 (Tex.Cr.App.1969).

The judgment is affirmed.