**Lemon JEFFERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47941.**

Court of Criminal Appeals of Texas.

Jan. 23, 1974.

◆

Charles W. Fairweather, Amarillo, for appellant.

Tom Curtis, Dist. Atty. and John J. Wheir, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery by assault; the punishment, enhanced under Article 62, Vernon's Ann.P.C., life.

In his sole ground of error, appellant asserts that a written confession made by him should have been suppressed because it was obtained as the result of an illegal arrest.

The legality or illegality of the arrest is not the controlling factor. This Court has repeatedly held that it is an illegal detention and not an illegal arrest which will under certain circumstances invalidate a confession. Morgan v. State, Tex.Cr.App., 502 S.W.2d 722 (delivered December 5, 1973); Bayless v. State, Tex. Cr.App., 492 S.W.2d 588; Davis v. State, Tex.Cr.App., 430 S.W.2d 210; Lacefield v. State, Tex.Cr.App., 412 S.W.2d 906, and cases therein cited. Appellant does not contend that he was illegally detained and the record does not reflect an illegal detention.

■ We must then examine the voluntariness of the confession. At the hearing held to determine the voluntariness of his confession, appellant testified that he was taken to the sheriff's office at approximately 11:30 a.m.; the arresting officer testified this occurred sometime after lunch. The record reflects that appellant made his written confession at 4:20 p.m., after he had received his constitutional warnings at 4:15 p.m. before making the confession. Appellant testfied that he knew he had the right to have counsel present but that he nevertheless signed the statement without the presence of counsel. The trial court made written findings in which he found that the confession was given voluntarily, without any compulsion or persuasion. An examination of the record supports the trial court's findings.

No error has been shown. Finding no reversible error, the judgment is affirmed.