Ronald Ray **BRANTLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49532.

Court of Criminal Appeals of Texas.

May 7, 1975.

---

3. Article 1692, C.C.P. (1925) which became Article 2338–1, Section 13(d)(e), V.A.C.S.

**520**

Appellant initially attacks the sufficiency of the evidence on the basis that his extra-judicial confessions, oral and written, are not sufficiently corroborated by other evidence.

The indictment alleged that on or about August 31, 1972, in Tarrant County, Ronald Ray Brantley did then and there voluntarily with malice aforethought kill Mary Emma Davis by cutting her with a knife and hitting her in the head with an iron skillet.

The record reflects that Mary Emma Davis, 85 years old, was found dead by her daughter Fay Miller on the morning of August 31, 1972. Miller testified that a photograph of the body, being State's Exhibit No. 2, accurately depicts the scene of the crime as she found it. The photograph shows that the vaginal area of deceased had been cut away, and blood is shown around the area where the throat was cut.

Allen Russel, a police officer, testified that when he saw deceased she had a wound on her left forehead. He saw a skillet on a stove with the bottom broken out and pieces from the bottom lying in the blood around deceased's head.

The pathologist who examined the body the day that it was found testified that he observed a severe laceration in the left side of the head above the left eye, evidently caused by being struck with a hard object, a deep cutting wound about five inches long in her neck, and the absence of the entire vulva and part of the vagina. She died as the result of the assault committed on her.

The evidence apart from the confession reflects that the body of deceased was identified and her death was shown to have been caused by the criminal act of another. The corpus delicti was thus established. Self v. State, Tex.Cr.App., 513 S.W.2d 832. In his written confession, appellant admitted killing deceased under circumstances sufficient to prove murder with malice.

Max Blankenship, Fort Worth, Court appointed on appeal, for appellant.

Tim Curry, Dist. Atty., and Cue, Lipscomb, Marvin Snodgrass & John Hill, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of murder with malice. Punishment was assessed at life.

In Self v. State, supra, at page 837, we said:

".  .  .  .  The State having established the corpus delicti could prove the appellant's guilt as the agent guilty of the commission of the crime by his confession unaided by other evidence. See, e. g. Gutierrez v. State, [502 S.W.2d 746] supra; Brookins v. State, 499 S. W.2d 320 (Tex.Cr.App.1973); Bayless v. State, 492 S.W.2d 588 (Tex.Cr.App. 1973); Thomas v. State, 458 S.W.2d 817 (Tex.Cr.App.1970). The remaining element of proof essential to the State's case that the appellant was the guilty agent in causing the deceased's death was proved by the appellant's extrajudicial written confession and his oral admissions to Beamer. All cases heretofore holding that the corpus delicti in a murder prosecution consists of three elements are hereby overruled to the extent they are in conflict with this opinion."

The first ground of error is overruled.

In his second and third grounds, appellant says that the court erred in admitting in evidence his oral and his written confessions.

During the trial on October 4, 1973, but prior to the introduction of the confessions in evidence, the court conducted a hearing to determine their admissibility. After much testimony, the court made the findings beyond a reasonable doubt, both as to the oral and the written confession, which we summarize as follows:

1. Prior to making any statements, appellant was warned by the officer taking the statements that he had the right to have a lawyer present to advise him prior to and during any questioning; if he were unable to employ a lawyer, he had the right to have one appointed; he had the right to remain silent and not make any statement at all, and any statement he made could and might be used against him at his trial; and that if he chose to answer questions, he had the right to stop at any time. The appellant was given an opportunity to call an attorney if he wished or of having one appointed if he wished.

2. Appellant knowingly, intelligently and voluntarily waived each of the foregoing rights prior to and also during the making of the statements offered in evidence.

3. Appellant was not coerced into making any statement by any force, threats, persuasion or promises or any other improper influence.

4. Appellant had the mental capacity to understand the warnings given him, and to intelligently, knowingly and voluntarily waive the rights explained to him, and he did understand such warnings.

5. The confessions were voluntarily executed by appellant, and he was not denied the right of counsel.

The court further found, as to the oral confession, that the statement was found to be true which conduced to establish the guilt.

The record fully supports the findings of the court.

The evidence shows that appellant was arrested on October 4, 1972 on another charge. About 10:15 that night, detective Raulston fully informed him of his Miranda[1] and Article 38.22, Vernon's Ann.C.C.P., rights. After a short conversation, appellant confessed orally to killing deceased, and offered to take officers to the place where he had buried parts of her body. He then accompanied officers to an old abandoned house, where, with his directions, they found a sack containing flesh. When this was found, appellant stated: "See, I told you I put it there," telling the officers that the parts found were portions of deceased's body. This was confirmed by appellant in his written confession, supra. The admission of the oral confession under the circumstances

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

was not error. Art. 38.22, subd. 1(e), V. A.C.C.P.; Chase v. State, Tex.Cr.App., 508 S.W.2d 605; Simmons v. State, Tex.Cr. App., 504 S.W.2d 465; Martinez v. State, Tex.Cr.App., 507 S.W.2d 223.

Thereafter, Raulston took appellant before a magistrate, who administered to him the Article 15.17, V.A.C.C.P., warnings. Appellant then made and executed the written confession, which at its top contained the warnings prescribed by Miranda, supra, and Article 38.22, V.A.C.C.P. This confession before being signed was read by appellant, who marked several mistakes as shown by the original.

Appellant's contention that the oral confession was erroneously admitted in evidence is based on the same arguments made concerning the admissibility of the written confession; it "was not voluntarily made because of the illegal detention of the appellant" and "the fact that he was a mentally retarded person incapable of knowingly and intentionally waiving the rights secured him by the 6th Amendment to the United States of America Constitution, to the effective assistance of counsel at each and every stage of all proceedings."

■ Appellant's contention that the evidence showed that his mentality was such that he could not knowingly and intelligently waive his right to counsel or his right to remain silent is not borne out by the evidence. See Price v. State, Tex.Cr. App., 496 S.W.2d 103; Casias v. State, Tex.Cr.App., 452 S.W.2d 483. The testimony of the officers to whom the confessions were made, and of the newspaper reporter who sat in on the taking of the written confession and witnessed appellant's signature, verified the fact that appellant, though of low mentality, did understand the warnings, and did voluntarily, knowingly, and intelligently make and sign the written confession. See Price v. State, supra; Casias v. State, supra.

Appellant contends further that the confessions were not admissible because the evidence discloses that he was illegally arrested and detained.

Officer Blaisdale, who was assigned to the Auto Theft Division of the Fort Worth Police Department, testified that at about 3:00 P.M. on October 4th he recovered a stolen motorcycle behind the sewage plant on East 1st Street, a secluded area in the Trinity River bottom. He had information that unknown persons were riding stolen motorcycles which were secreted in that vicinity. While Blaisdale was in the area in his car, during his investigations, appellant, driving a car with two young juveniles, a boy and a girl, as passengers, approached, saw Blaisdale, hesitated, and turned around as if to leave. The officer testified that the road ended before it got to his position. He became suspicious and stopped appellant's car. He got out of his car, approached appellant, and identified himself as a police officer. Appellant replied: "That's what I thought." Blaisdale asked to see his driver's license. While standing outside the car, Blaisdale saw a police radio in the car tuned to Fort Worth police broadcasts. He asked if it was all right for him to search the car and trunk. Appellant consented to such a search. In the car, the officer found two fixed blade knives or daggers under the front seat, a .22 blank pistol, and a brief case full of "obscene" material. At this stage, Blaisdale placed appellant under arrest for investigation for carrying a dagger. See Arts. 483, 487, 1161, Vernon's Ann.P.C.; Armendariz v. State, Tex.Cr.App., 396 S.W.2d 132.

■ We conclude that under all the facts and circumstances the officer was authorized to arrest appellant without warrant. Arts. 483, 487, V.A.P.C.

■ However, assuming arguendo that he had been illegally arrested, a confession otherwise shown to be admissible is not rendered inadmissible by the fact that appellant was under arrest or in custody at the time he makes it, even though the arrest may have been illegal, absent a causal

connection between the confession and the arrest. Simmons v. State, Tex.Cr.App., 504 S.W.2d 465; Randolph v. State, Tex. Cr.App., 493 S.W.2d 869; Lacefield v. State, Tex.Cr.App., 412 S.W.2d 906. No illegal detention of appellant was shown. See Simmons, supra; Jefferson v. State, Tex.Cr.App., 503 S.W.2d 779; Martinez v. State, Tex.Cr.App., 507 S.W.2d 223.

We conclude from the record that the court did not err in admitting in evidence the oral and the written confessions.

■ However, even if the evidence had failed to show that the oral inculpatory statement was proved to be true by what was found as a result thereof, the record reflects that appellant's written confession contained, in detail, the same information. Since the written confession was properly in evidence, the admission of the oral statement does not present reversible error. Gutierrez v. State, Tex.Cr.App., 502 S.W. 2d 746, 749.

The second and third grounds of error are overruled.

In his fourth ground, appellant contends that the court erred in admitting in evidence, certain articles found in appellant's car at the time of his arrest. Appellant argues under this ground that these articles were seized in "an unwarranted search and seizure of appellant's car at a time when he was under detention by a police officer and at a time when he had not been effectively warned of his constitutional rights."

As heretofore stated, the police were justified under the circumstances in stopping appellant's car and talking to him. The articles admitted in evidence were seized after appellant had given his consent to a search of the car. See Swift v. State, Tex.Cr.App., 509 S.W.2d 586; De-Voyle v. State, Tex.Cr.App., 471 S.W.2d 77.

We have reviewed the contentions of appellant that the exhibits were such as to improperly inflame the minds of the jurors against him. We find that all of the exhibits in question were relevant to the issues raised by evidence, and under the rule laid down in Martin v. State, Tex.Cr.App., 475 S.W.2d 265, the court did not err in permitting them in evidence.

The fourth ground of error is overruled.

In his fifth ground of error, appellant contends the court erred in overruling his motion for a change of venue. This contention is not supported by any reference to the record, citation of authorities, or any argument or statement other than "The wide news media coverage given to the death of Mary Emma Davis and the arrest and charging appellant with such killing which preceded the trial of the case and continued all during the trial of the sanity hearing and during the trial of the case on the merits was such as would cause a reasonable and prudent person mindful of such duties to the appellant to take extraordinary measures, if necessary, to insure such constitutional rights to a fair and impartial trial by a fair and impartial jury." This does not comply with the requirements of Art. 40.09, § 9, V.A.C. C.P.

■ Nevertheless, we have reviewed the transcription of the reporter's notes of the evidence at the hearing on the motion for a change of venue and of the voir dire of the jury. The record reflects that Tarrant County had, at the time of the trial, a population of over 700,000, with over 300,000 qualified jurors. The evidence was conflicting as to whether appellant could receive a fair and impartial trial in Tarrant County. Appellant does not contend that he was forced to take an objectionable juror. On the record before us, we find no abuse of discretion in overruling appellant's motion. Art. 31.03, V.A.C.C.P.; Nelson v. State, Tex.Cr.App., 505 S.W.2d 271; Creel v. State, Tex.Cr.App., 493 S. W.2d 814; Clifford v. State, Tex.Cr.App., 424 S.W.2d 233.

■ In his sixth ground, appellant complains of the court's failure to seques-

ter the jury, as requested by him. This is a matter within the sound discretion of the trial judge. Art. 35.23, V.A.C.C.P.; Creel v. State, supra; Sierra v. State, Tex.Cr. App., 476 S.W.2d 285. The record reflects that the court frequently admonished the jury that they must not talk with anyone concerning the trial, nor read or listen to any news media about the case. The record does not show any violation of these admonishments. No abuse of discretion is shown. Creel v. State, supra.

The sixth ground of error is overruled.

■ Appellant next complains because the court overruled his motion for exclusion of the jury panel during voir dire examination and to permit individual examination of the panel members.

In Hogan v. State, Tex.Cr.App., 496 S. W.2d 594, we stated:

"Only in capital cases where the State has made it known it will seek the death penalty does a defendant have the absolute right to a separate examination of each juror under Article 35.17, subd. 1, V.A.C.C.P. Morales v. State, Tex.Cr. App., 466 S.W.2d 293; Moore v. State, Tex.Cr.App., 424 S.W.2d 443."

See also Brown v. State, Tex.Cr.App., 475 S.W.2d 938.

The instant case was not tried as a capital case where the death penalty was an alternate punishment.

Under the record in the instant case, no abuse of the court's discretion is shown. The ground of error is overruled.

■ In his eighth ground, appellant complains of the of the trial court's refusal to grant him additional peremptory challenges. Appellant does not discuss this complaint under his ground of error, cites no authority, and does not indicate where in the lengthy record any such request and refusal was made. Hence, nothing is presented for review. Art. 40.09, § 9, V. A.C.C.P.; Pearce v. State, 513 S.W.2d

539; Henriksen v. State, Tex.Cr.App., 500 S.W.2d 491.

Furthermore, appellant does not claim that the court erroneously overruled any of his challenges for cause or that any objectionable juror was forced upon him. No error is shown. Tezeno v. State, Tex.Cr. App., 484 S.W.2d 374.

Appellant next complains of the court's overruling his motion to require the State to elect upon which theory of murder alleged in the indictment it would rely for conviction.

■ The indictment alleged that appellant killed deceased by "cutting her with a knife and hitting her in the head with an iron skillet." The evidence reflects that in a single transaction appellant in his assault upon deceased cut her throat with a knife and hit her several hard blows on the head with an iron skillet, and as a result, she died. A single offense was involved. Under these circumstances, the court did not err in refusing to require an election as to the means used to accomplish her murder and in charging in the alternative both means named in the indictment. See Branch's Ann.Penal Code, 2d Ed., Vol. 1, Sec. 464, et seq., p. 459; DeMary v. State, Tex.Cr.App., 423 S.W.2d 331. Smith v. State, 153 Tex.Cr.R. 25, 216 S.W.2d 978; Bumry v. State, 150 Tex.Cr.R. 6, 198 S. W.2d 887. The ground of error is overruled.

In his tenth ground, appellant contends jury misconduct occurred in that during the deliberation the jury discussed the failure of appellant to testify.

■ Eleven jurors testified at the hearing on the motion for a new trial. Five testified that one juror made a reference to the appellant's failure to testify, and that he was immediately admonished that this was not to be considered. They said no further mention was made of such failure to testify. The other six jurors did not recall any reference to the appellant not testifying, and one of the six stated

that it had not been referred to. No reversible error is shown. Ward v. State, Tex.Cr.App., 520 S.W.2d 395; Broussard v. State, Tex.Cr.App., 505 S.W.2d 282; Ratliff v. State, Tex.Cr.App., 490 S.W.2d 844; Howard v. State, Tex.Cr.App., 484 S.W.2d 903.

 In his eleventh ground, appellant complains of eleven different instances of alleged improper jury argument by reference to page numbers in the record. No authorities are cited, and no argument is made other than the single statement that "All such jury arguments were improper and prejudicial to appellant in his right to a fair and impartial trial by a fair and impartial jury." The ground of error does not comply with the requirements of Art. 40.09, Sec. 9, and presents nothing for review. Stein v. State, Tex.Cr.App., 514 S. W.2d 927; Elizalde v. State, 507 S.W.2d 749; Lombardo v. State, Tex.Cr.App., 503 S.W.2d 780; Fuller v. State, Tex.Cr.App., 501 S.W.2d 112.

However, we have reviewed the arguments of the prosecution on the pages of the record referred to by appellant and find nothing stated in such arguments which would constitute reversible error.

The eleventh ground of error is overruled.

Appellant next alleges error in the admission in evidence of State's Exhibits 1, 2, 6, 7, and 8, being photographs showing the bloody scene where the body was found and the dead body of the deceased. These photographs were pertinent to the injuries suffered by deceased and to a description of the place where the killing occurred. They were material to the corroboration of the confessions, oral and written, of appellant. Some of the photos were used by the pathologist in support of his evidence. So long as the pictures accurately represent what they purport to depict and are logically relevant, their gruesome and prejudicial character does not cause them to be inadmissible. Brown v. State, Tex.Cr.

App., 508 S.W.2d 91; Byrd v. State, Tex. Cr.App., 495 S.W.2d 226; Terry v. State, Tex.Cr.App., 491 S.W.2d 161; Martin v. State, Tex.Cr.App., 475 S.W.2d 265.

The twelfth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.