## DAVIS v. GEORGIA

No. 76–5403.   Decided December 6, 1976

PER CURIAM.

The petitioner in this case was convicted of murder and sentenced to death after trial by a jury selected in violation of the standards enunciated in *Witherspoon* v. *Illinois,* 391 U. S. 510 (1968), and applied in *Boulden* v. *Holman,* 394 U. S. 478 (1969), and *Maxwell* v. *Bishop,* 398 U. S. 262 (1970). The *Witherspoon* case held that "a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction." 391 U. S., at 522.

The Supreme Court of Georgia found that one prospective juror had been excluded in violation of the *Witherspoon* standard. The court nevertheless affirmed the conviction and death sentence, reasoning that the erroneous exclusion of one death-scrupled juror did not deny the petitioner a jury representing a cross section of the community since other jurors sharing that attitude were not excused for cause: "The rationale of Witherspoon and its progeny is not violated where merely *one* of a qualified class or group is excluded where it is shown, as here, that others of such group were qualified to serve.  This record is completely void of any

evidence of a systematic and intentional exclusion of a quali-
fied group of jurors so as to deny the appellant a jury of
veniremen representing a cross section of the community."
236 Ga. 804, 809–810, 225 S. E. 2d 241, 244–245.

That, however, is not the test established in *Witherspoon,*
and it is not the test that this Court has applied in sub-
sequent cases where a death penalty was imposed after the
improper exclusion of one member of the venire. See *Wig-
glesworth* v. *Ohio,* 403 U. S. 947 (1971), rev'g 18 Ohio St. 2d
171, 248 N. E. 2d 607 (1969); *Harris* v. *Texas,* 403 U. S. 947
(1971), rev'g 457 S. W. 2d 903 (Tex. Crim. App. 1970);
*Adams* v. *Washington,* 403 U. S. 947 (1971), rev'g 76 Wash. 2d
650, 458 P. 2d 558 (1969). Unless a venireman is "irrevoca-
bly committed, before the trial has begun, to vote against the
penalty of death regardless of the facts and circumstances
that might emerge in the course of the proceedings," 391
U. S., at 522 n. 21, he cannot be excluded; if a venireman is
improperly excluded even though not so committed, any sub-
sequently imposed death penalty cannot stand.

Accordingly, the motion for leave to proceed *in forma
pauperis* and the petition for certiorari are granted, the judg-
ment is reversed, and the case is remanded for further pro-
ceedings not inconsistent with this opinion.

*It is so ordered.*

MR. JUSTICE REHNQUIST, with whom THE CHIEF JUSTICE
and MR. JUSTICE BLACKMUN join, dissenting.

As is clear from the most cursory reading, *Witherspoon*
v. *Illinois,* 391 U. S. 510 (1968), does not inexorably lead to
the result this Court now reaches. Indeed, much of the lan-
guage in that opinion would support the reasoning, and the
result, reached by the Supreme Court of Georgia. The ex-
tension of *Witherspoon* to cover the case where a sole venire-
man is excluded in violation of its test deserves plenary
consideration, not a *per se* rule that precludes application

of even the harmless-error test of *Chapman* v. *California,* 386 U. S. 18 (1967). There is no indication that the Supreme Court of Georgia was wrong when it observed that the "record is completely void of any evidence of a systematic and intentional exclusion of a qualified group of jurors so as to deny the appellant a jury of veniremen representing a cross section of the community," 236 Ga. 804, 809–810, 225 S. E. 2d 241, 245.

It is, moreover, unclear whether the State was entitled to another peremptory challenge,\* and surely *Witherspoon* does not decide whether the presence of unexercised peremptory challenges might render harmless the improper exclusion of a limited number of veniremen. Finally, the defect in this case is not that a juror was improperly excluded because she was not irrevocably opposed to the death penalty; rather, the defect is a failure to question sufficiently to determine whether or not she was irrevocably opposed. It is not inconceivable that a hearing with the excluded juror could be conducted now to finish the aborted questioning and determine whether she would have, in fact, been excludable for cause.

The effects of the arguably improper exclusion, in short, are too murky to warrant summary reversal of the sentence imposed. Since I do not believe this case is controlled by our past decisions, I would grant certiorari and set the case for argument.

---

\*Normally, the defense, in a capital case, is entitled to 20 peremptory challenges, and the State is entitled to one-half as many as the defense. Ga. Code Ann. § 59–805 (1965). In this case, the transcript reveals that the defense utilized 21 peremptory challenges; the State, 10.