350 So.2d 85 (1977)
John A. SPENKELINK a/K/a John A. Spenkellink a/K/a John A. Spinkellink, Appellant,
v.
STATE of Florida, Appellee.
No. 52408.
Supreme Court of Florida.
September 16, 1977.
Certiorari Denied November 14, 1977.
Andrew A. Graham, Cocoa, Tobias Simon, Miami, Jack Greenberg, James M. Nabrit, III, David E. Kendall and Joel Berger, New York City, and Anthony G. Amsterdam, Stanford, Cal., for appellant.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Raymond L. Marky and Michael H. Davidson, Asst. Attys. Gen., Tallahassee, for appellee.
Certiorari Denied November 14, 1977. See 98 S.Ct. 492.
PER CURIAM.
The appellant John A. Spenkelink sought postconviction relief in the trial court under Florida Rule of Criminal Procedure 3.850. From a denial of relief by the trial court, he appeals that decision and requests a stay of execution pending a review by this Court.
This Court has afforded the appellant-defendant an opportunity to fully present the issues to this Court, including oral argument. The State has supplemented the record by furnishing this Court with a certified copy of the transcript of the voir dire examination of the jury.
We affirm the trial court's denial of relief and accordingly deny the stay of execution.
The principal point raised by appellant-defendant Spenkelink concerns an assertion that certain jurors were improperly excluded from the jury panel from which the jury was selected. The examination of the jurors was recorded by a court reporter. Appellant Spenkelink has never previously requested that the juror examination be transcribed, and in fact his counsel expressly excluded it from being transcribed in his original appeal to this Court. It has now been transcribed and furnished to this Court at the instance of the State.[1] We find the affirmative exclusion by the appellant, coupled with the failure to raise the issue of an alleged systematic exclusion of jurors at the time of the original appeal, waives the right to raise that claim at this stage in these proceedings. Richardson v. State, 247 So.2d 296 (Fla. 1971); Wainwright v. Sykes, ___ U.S. ___, 97 S.Ct. 2497, 53 L.Ed.2d 594 (Opinion filed June 23, 1977).
The confession issue is controlled by Wainwright v. Sykes, supra. The remaining issues were presented to the United States Supreme Court and rejected by it in Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). They also were *86 presented to the United States Supreme Court when this case was before that court and certiorari was denied on July 6, 1976. Spenkelink v. Florida, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976).
For the reasons expressed, the decision of the trial court is affirmed and the motion for stay of execution is denied. No petition for rehearing will be entertained.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNBERG, HATCHETT and KARL, JJ., concur.
BOYD, ENGLAND and HATCHETT, JJ., concur specially with opinions.
BOYD, Justice, concurring specially.
I authored the original opinion in this case imposing the death penalty and join in this denial of a stay of execution only to comply with requirements of law.
My experience on this Court for almost nine years has convinced me that capital punishment will do little or nothing to reduce crime. Only by returning to fundamentals of religion, ethics and morality can we prevent the destruction of society.
ENGLAND, Justice, concurring.
On the premise that "death is different", appellant's counsel invited the trial court and now invites us to expand established judicial boundaries in order to accommodate appellant's desire for an evidentiary hearing on a variety of matters. At oral argument before this Court, appellant's counsel identified from among the ten grounds asserted in his motion for post-conviction relief the two major matters he would like considered at an evidentiary hearing  the composition of appellant's jury, which he contends was selected in violation of the standards prescribed in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), and the imposition of the death penalty on appellant in light of data which would establish that Florida's death penalty statute was in this case being applied unconstitutionally.
I readily concede appellant's premise that death is different.[1] Moreover, I cannot help but share many of counsel's stated and unstated concerns regarding appellant's impending execution. I cannot, however, for these reasons alone, accept appellant's invitation to discard or set aside well-established principles of law.
Unfortunately, time is not available for the careful written analysis of appellant's contentions which the gravity of the subject matter warrants.[2] At the risk of expressing my views inartfully, I deem it important to mention briefly the major reasons for my rejection of what appellant has presented.
I have very little trouble with appellant's multiple challenges to our death penalty statute, as applied to appellant in this proceeding.[3] None of them is supported by factual allegations, and since this matter began as appellant's first request for post-conviction relief under our Rule of Criminal Procedure 3.850, appellant was obliged to base his claims on specific facts rather than general conclusions.[4] To overcome this inherent defect in his motion appellant frankly invites us to expand the scope of Rule 3.850 review in death penalty cases. For a number of reasons, such as the inadvisability of fragmenting legal challenges to a conviction or sentence, the prospect of unending challenges in each death penalty case as the law evolves, and the fact that some of these claims have already been considered and rejected by this Court on appellant's original appeal or otherwise, I *87 must decline appellant's invitation. Although death is indeed different, I do not believe either the federal or the state constitution requires a different basis for according post-conviction relief in death penalty cases, and I see more harm than good in providing one.
Similarly, I have little difficulty rejecting appellant's challenge to the use of his pre-trial statements at trial, allegedly in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This issue, not raised at appellant's trial or asserted on direct review of his conviction and sentence, is foreclosed in this collateral proceeding under our contemporaneous objection rule. State v. Matera, 266 So.2d 661 (Fla. 1972); and see Wainwright v. Sykes, ___ U.S. ___, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). To the assertion that a different rule should apply in death penalty cases, I would observe that we have already considered and rejected this contention. Gibson v. State, 351 So.2d 948 (Fla. opinion filed July 28, 1977) (pending on rehearing).
Appellant's only other ground asserted for relief attacks the composition of the jury which imposed his death sentence as violating Witherspoon standards of objectivity. The first obstacle to be overcome in order to assert this challenge is appellant's knowing waiver. If an alleged Witherspoon infirmity can ever be waived, the state contends that it was waived here by trial counsel's express directive that the court reporter not transcribe voir dire examination for the record on appeal and by his failure to assign the matter as error on direct appeal of appellant's conviction and sentence. I have concluded, along with my colleagues, that an alleged Witherspoon infirmity can be waived, and that it was in fact waived in this case.
This Court has expressly held in Richardson v. State, 247 So.2d 296 (Fla. 1971), that an alleged Witherspoon problem could be waived. Appellant suggests that waiver is nonetheless constitutionally improper on the basis of language in the Witherspoon opinion and recent decisions applying its principles.[5] Appellant's contention again hinges on the premise that death is different. Nonetheless, nothing in the constitution of the United States or Florida suggests that even the most fundamental rights cannot be knowingly waived during the course of a capital or other type of criminal proceeding. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
HATCHETT, Justice, concurring specially.
I join in the denial of the Motion for Stay and the denial of the Appellant's Motion to Vacate and Set Aside or Correct Sentence only because I am bound by duty to uphold the law as defined by this Court and the United States Supreme Court. If I alone were determining the constitutionality of Section 921.141, Florida Statutes, I would find the statute unconstitutional on its face. But that question has been decided to the contrary by the United States Supreme Court in Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976) and by this Court in State v. Dixon, 283 So.2d 1 (Fla. 1973). Now that the question of the statute's application is clearly presented, I would also find Section 921.141, Florida Statutes to be unconstitutional as applied. A review of the cases that have come before this Court indicate that the death sentence is imposed irregularly, unpredictably, and follows no discernable pattern. Swan v. State, 322 So.2d 485 (Fla. 1975), (victim brutally beaten and tied in such a manner that struggling to free herself would choke her); Halliwell v. State, 323 So.2d 557 (1975) (victim beaten to death with an iron bar and corpse cut into pieces); Tedder v. State, 322 So.2d 908 (Fla. 1975) victim shot, perpetrator refused to allow anyone the *88 right to aid her as she bled to death). In all of these cases this Court reduced the death sentences to life imprisonment.[1] It is apparent to me that the death penalty under the Florida statutory scheme is being administered in an arbitrary and capricious manner inconsistent with the premises underlying Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); State v. Dixon, supra, and Proffitt v. Florida, supra. But this issue was apparently foreclosed by the United States Supreme Court in its decision in Proffitt.
Although the Constitution provides in Article V, Section 3(b)(2) that the Supreme Court "shall hear appeals from final judgments and orders of trial courts imposing life imprisonment" the Legislature has never activated this provision. Consequently, the Florida Supreme Court only reviews cases in which the death penalty is imposed. This Court is without authority to review those cases where the trial judge imposes a sentence of life imprisonment, regardless of the jury's recommendation of life or death. This situation deprives this Court of the opportunity to determine whether death is being imposed evenhandedly. Herein lies the breeding grounds for all of the horrors condemned by Furman.
Two men charged for the same first degree murder, tried in the same courtroom, at the same time, before the same judge and jury, could upon conviction, conceivably be sentenced, one to death, and the other to life, through the exercise of the unfettered discretion afforded the trial judge under our statute. The one receiving the life imprisonment sentence would have his case reviewed by a District Court of Appeal which is powerless to review the appropriateness of the sentence. Therefore, in that situation, the trial judge's discretion as to sentence is never really reviewed. This statutory scheme insulates the discretion exercised by the trial court from review by any higher court, including the Supreme Court of Florida which is charged with the duty of insuring that the death penalty is imposed strictly in accordance with the dictates of Section 921.141, Florida Statutes, and that those convicted of murder receive equal treatment under the law.
NOTES
[1] Although not a basis for our decision, we note that a review of the transcript reflects no violation of the Witherspoon requirement. Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).
[1] See Sullivan v. Askew, 348 So.2d 312, 317 (Fla. 1977) (concurring opinion).
[2] Appellant's execution has been scheduled for 8:30 a.m. on September 19. This appeal and request for a stay were lodged in our Court on September 13. Briefs were ordered filed by 5:00 p.m. on September 14, and oral argument was conducted commencing at 5:30 p.m. on September 15.
[3] Appellant's Motion to Vacate, etc., at 7-20, paragraphs 5(c)-(j).
[4] E.g., State v. Weeks, 166 So.2d 892 (Fla. 1964).
[5] E.g., Davis v. Georgia, 429 U.S. 122, 97 S.Ct. 399, 50 L.Ed.2d 339 (1977); Mathis v. Alabama, 403 U.S. 946, 91 S.Ct. 2278, 29 L.Ed.2d 855 (1971); Wigglesworth v. Ohio, 403 U.S. 947, 91 S.Ct. 2284, 29 L.Ed.2d 857 (1971); Owens v. State, 233 Ga. 869, 214 S.E.2d 173 (1975). None of these cases addressed the issue of whether an alleged Witherspoon violation can be waived.
[1] Williams v. State, 344 So.2d 1276 (Fla. 1977).
Burch v. State, 343 So.2d 831 (Fla. 1977). Huckaby v. State, 343 So.2d 29 (Fla. 1977). Chambers v. State, 339 So.2d 204 (Fla. 1976). Jones v. State, 332 So.2d 615 (Fla. 1976). Provence v. State, 337 So.2d 783 (Fla. 1976). Thompson v. State, 328 So.2d 1 (Fla. 1976).
Obviously this Court has had great difficulty in applying the present statute. The aggravating and mitigating circumstances enumerated in Section 921.141(5), (6) are so ill defined and vague as to escape reasonable and consistent application.