ENGLAND, Justice,
concurring.
On the premise that “death is different”, appellant’s counsel invited the trial court and now invites us to expand established judicial boundaries in order to accommodate appellant’s desire for an evidentiary hearing on a variety of matters. At oral argument before this Court, appellant’s counsel identified from among the ten grounds asserted in his motion for post-conviction relief the two major matters he would like considered at an evidentiary hearing — the composition of appellant’s jury, which he contends was selected in violation of the standards prescribed in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), and the imposition of the death penalty on appellant in light of data which would establish that Florida’s death penalty statute was in this case being applied unconstitutionally.
I readily concede appellant’s premise that death is different.[1] Moreover, I cannot help but share many of counsel’s stated and unstated concerns regarding appellant’s impending execution. I cannot, however, for these reasons alone, accept appellant’s invitation to discard or set aside well-established principles of law.
Unfortunately, time is not available for the careful written analysis of appellant’s contentions which the gravity of the subject matter warrants.[2] At the risk of expressing my views inartfully, I deem it important to mention briefly the major reasons for my rejection of what appellant has presented.
I have very little trouble with appellant’s multiple challenges to our death penalty statute, as applied to appellant in this proceeding.[3] None of them is supported by factual allegations, and since this matter began as appellant’s first request for post-conviction relief under our Rule of Criminal Procedure 3.850, appellant was obliged to base his claims on specific facts rather than general conclusions.[4] To overcome this inherent defect in his motion appellant frankly invites us to expand the scope of Rule 3.850 review in death penalty cases. For a number of reasons, such as the inadvisability of fragmenting legal challenges to a conviction or sentence, the prospect of unending challenges in each death penalty case as the law evolves, and the fact that some of these claims have already been considered and rejected by this Court on appellant’s original appeal or otherwise, I *87 must decline appellant’s invitation. Although death is indeed different, I do not believe either the federal or the state constitution requires a different basis for according post-conviction relief in death penalty cases, and I see more harm than good in providing one.
Similarly, I have little difficulty rejecting appellant’s challenge to the use of his pretrial statements at trial, allegedly in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This issue, not raised at appellant’s trial or asserted on direct review of his conviction and sentence, is foreclosed in this collateral proceeding under our contemporaneous objection rule. State v. Matera, 266 So.2d 661 (Fla.1972); and see Wainwright v. Sykes, - U.S. -, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). To the assertion that a different rule should apply in death penalty cases, I would observe that we have already considered and rejected this contention. Gibson v. State, 351 So.2d 948 (Fla. opinion filed July 28, 1977) (pending on rehearing).
Appellant’s only other ground asserted for relief attacks the composition of the jury which imposed his death sentence as violating Witherspoon standards of objectivity. The first obstacle to be overcome in order to assert this challenge is appellant’s knowing waiver. If an alleged Wither-spoon infirmity can ever be waived, the state contends that it was waived here by trial counsel’s express directive that the court reporter not transcribe voir dire examination for the record on appeal and by his failure to assign the matter as error on direct appeal of appellant’s conviction and sentence. I have concluded, along with my colleagues, that an alleged Witherspoon infirmity can be waived, and that it was in fact waived in this case.
This Court has expressly held in Richardson v. State, 247 So.2d 296 (Fla.1971), that an alleged Witherspoon problem could be waived. Appellant suggests that waiver is nonetheless constitutionally improper on the basis of language in the Witherspoon opinion and recent decisions applying its principles.[5] Appellant’s contention again hinges on the premise that death is different. Nonetheless, nothing in the constitution of the United States or Florida suggests that even the most fundamental rights cannot be knowingly waived during the course of a capital or other type of criminal proceeding. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

. See Sullivan v. Askew, 348 So.2d 312, 317 (Fla.1977) (concurring opinion).

. Appellant’s execution has been scheduled for 8:30 a. m. on September 19. This appeal and request for a stay were lodged in our Court on September 13. Briefs were ordered filed by 5:00 p. m. on September 14, and oral argument was conducted commencing at 5:30 p. m. on September 15.

. Appellant’s Motion to Vacate, etc., at 7-20, paragraphs 5(c) — (j)-

. E. g., State v. Weeks, 166 So.2d 892 (Fla. 1964).

. E. g., Davis v. Georgia, 429 U.S. 122, 97 S.Ct. 399, 50 L.Ed.2d 339 (1977); Mathis v. Alabama, 403 U.S. 946, 91 S.Ct. 2278, 29 L.Ed.2d 855 (1971); Wigglesworth v. Ohio, 403 U.S. 947, 91 S.Ct. 2284, 29 L.Ed.2d 857 (1971); Owens v. State, 233 Ga. 869, 214 S.E.2d 173 (1975). None of these cases addressed the issue of whether an alleged Witherspoon violation can be waived.