Ex parte Margarito BRAVO.

No. 69046.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 15, 1982.
Rehearing Denied Oct. 30, 1985.
Rehearing Denied Jan. 29, 1986.

George Scharmen, Barbara Evans Cordts, San Antonio, for appellant.

Alger H. Kendall, Jr., Dist. Atty., and Stella Saxon, Asst. Dist. Atty., Karnes City, Robert Huttash, State's Atty., and Alfred Walker, Asst. States Atty., Austin, for the State.

## OPINION

TEAGUE, Judge.

This is a post-conviction application for writ of habeas corpus filed in this Court pursuant to Art. 11.07, V.A.C.C.P.

Margarito Bravo, the applicant, was sentenced to death after a jury convicted him of capital murder and affirmatively answered the questions submitted to it pursuant to Art. 37.071, V.A.C.C.P. This Court affirmed the applicant's conviction and sentence of death. See *Bravo v. State*, 627 S.W.2d 152 (Tex.Cr.App.1982). The applicant asserts in the application, inter alia, that a prospective juror, Juanita Madrigal, was erroneously excused by the trial court, over the "exception" of the appellant's trial attorney. This contention was neither raised by the appellant in his appeal nor discussed by this Court in its decision affirming the appellant's cause. However, error rising to the level of constitutional error may be raised for the first time in a post-conviction application for writ of habeas corpus even though not raised in the direct appeal. The excusal of the venireperson, Madrigal, was predicated upon the trial court's sustaining a challenge for cause made by the prosecuting attorney. We find the excusal was constitutionally and legally impermissible and will grant the application.

The United States Supreme Court has decreed that the death penalty cannot be carried out if even one prospective juror has been excused on a challenge for cause by the State, when the challenge is based solely on that venireperson's opposition to the death penalty, unless that opposition to the death penalty results in the venireperson's inability to follow the law. *Adams v. Texas*, 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980); *Davis v. Georgia*, 429 U.S. 122, 97 S.Ct. 399, 50 L.Ed.2d 339 (1976); *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). The Supreme Court has also, see *Witherspoon v. Illinois*, Id., decreed that a prospective juror may not be excluded for cause unless that person makes it unmistakably clear that (1) he would automatically vote against the imposition of capital punishment without regard to any evidence *that* might be developed at the trial of the case before him, or (2) that the person's attitude toward the death penalty would prevent him from making an impartial deci-

sion as to the defendant's guilt. In *Adams v. Texas*, supra, the Supreme Court held that V.T.C.A., Penal Code, Section 12.31(b), which disqualifies a prospective juror unwilling to swear that the mandatory penalty of death or life imprisonment will not "affect" the person's deliberations on factual issues, states a disqualification standard impermissibly broader than the Court's decision of *Witherspoon v. Illinois*, supra.

The voir dire examination of the venireperson, Madrigal, was conducted more than three years before the United States Supreme Court decided *Adams v. Texas*, supra. This Court is bound by that decision. Article VI, *United States Constitution*.

It is clear from a reading of the voir dire examination of Madrigal that she was extremely nervous during the examination. However, in *Adams v. Texas*, supra, the Supreme Court stated the following:

"[N]either nervousness, emotional involvement nor inability to deny or confirm any effect whatsoever is equivalent to an unwillingness or an inability on the part of the jurors to follow the court's instructions and obey their oaths, regardless of their feelings about the death penalty. The grounds for excluding [Ms. Madrigal] were consequently insufficient under the Sixth and Fourteenth Amendments." [448 U.S. at 50, 100 S.Ct. at 2529]

We find that the questioning of Madrigal simply did not go far enough to disqualify her for cause. The voir dire examination clearly reflects that Madrigal was unable to unequivocally state that her knowledge of the potential penalty of death would not affect her deliberations as to the applicant's guilt. She initially stated that she did not think she would be affected, then said she could not say whether she would be affected, and finally answered that although she could "vote with the other people and decide the guilt or innocence of anyone," she still could not answer whether she would be affected. At that point, the trial judge stated: "I believe I will

excuse you," to which ruling the applicant's trial attorney responded: "Note our exception to that ruling, please." Clearly, the premature and legally impermissible excusal of Madrigal constitutes "Adams error". The conviction and sentence must therefore be set aside.

When the voir dire examination of venireperson Madrigal is considered in light of *Witherspoon v. Illinois*, supra, *Adams v. Texas*, supra, *Williams v. State*, 622 S.W.2d 116 (Tex.Cr.App.1981); *Porter v. State*, 623 S.W.2d 374 (Tex.Cr.App.1981), *Burns v. Estelle*, 626 F.2d 396 (5th Cir. 1980); and *Granviel v. Estelle*, 655 F.2d 673 (5th Cir.1981), it follows that we must hold that the venireperson, Madrigal, was prematurely and improperly excused by the trial court.

The Supreme Court decision of *Adams v. Texas*, supra, mandates that the applicant's sentence of death be set aside and vacated. See also *Lackey v. State*, 638 S.W.2d 439 (Tex.Cr.App.1982); *Graham v. State*, 643 S.W.2d 920 (1981). Because this Court is without legal authority to reform the sentence of death, the applicant must be granted a new trial on guilt as well as punishment. See *Fearance v. State*, 620 S.W.2d 577 (Tex.Cr.App.1980); *Grijalva v. State*, 614 S.W.2d 420 (Tex.Cr.App.1980); *Loudres v. State*, 614 S.W.2d 407 (Tex.Cr.App. 1980); *Pierson v. State*, 614 S.W.2d 102 (Tex.Cr.App.1980); *Graham v. State*, supra.

Accordingly, the writ is granted, the conviction and sentence in Atascosa County cause number 4711 are set aside and vacated and the applicant is remanded to the Sheriff of Atascosa County to answer to the indictment in that cause.

ONION, Presiding Judge, concurring.

This is a post-conviction application for writ of habeas corpus. See Article 11.07, V.A.C.C.P.

The applicant's conviction for capital murder, where the death penalty was imposed, was affirmed by this court in *Bravo v. State*, 627 S.W.2d 152 (Tex.Cr.App.1982). On appeal the applicant did not raise the constitutional questions concerning the selection of the jurors he now seeks to raise by habeas corpus proceedings.

I concur in the holding that the venireperson Juanita Madrigal was improperly excused by the trial court in violation of *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). See also *Adams v. Texas*, 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980). I further agree that the United States Supreme Court has held that a death penalty cannot be legally carried out when even one prospective juror was improperly excused for cause by the trial court in violation of *Witherspoon v. Illinois*, supra; *Davis v. Georgia*, 429 U.S. 122, 97 S.Ct. 399, 50 L.Ed.2d 339 (1976), although I consider this an extremely harsh rule.

I write in this case because the applicant complains for the first time of the court's excusal of at least 10 prospective jurors and claims they were discharged from the case in violation of the *Witherspoon* doctrine. While the improper excusal of one such prospective juror would call for a death penalty to be set aside, my examination of the voir dire of the jury panel reveals at least three prospective jurors in addition to venireperson Madrigal were improperly excused under the *Witherspoon* holding. The excusal of the other six prospective jurors is highly questionable. There is more here than the improper excusing of one prospective juror.

For the reasons stated, I concur.

ROBERTS and TOM G. DAVIS, JJ., concur.

McCORMICK, Judge, dissenting.

Adhering to the beliefs expressed in my dissent in *Pierson v. State*, 614 S.W.2d 102 (Tex.Cr.App.1980), that punishment in a case such as this should be reformed to life imprisonment, I dissent.

DALLY, J., joins in this dissent.

## OPINION ON STATE'S MOTION
## FOR REHEARING

W.C. DAVIS, Judge.

On original submission applicant's conviction for capital murder was affirmed. *Bravo v. State,* 627 S.W.2d 152 (Tex.Cr. App.1982). Subsequently, we reversed the conviction in an opinion granting relief upon application for writ of habeas corpus because a venireperson was prematurely and improperly excused by the trial court. In a motion for rehearing, the State argues that applicant's trial objection to the exclusion of the venireperson was not sufficient to preserve error; and, even if the objection was sufficient, because applicant did not raise the contention on direct appeal he cannot now raise it by writ of habeas corpus.

In our first opinion granting relief on applicant's writ of habeas corpus we held that the record of the voir dire examination of venireperson Madrigal reflects that she was improperly excused. By this showing in the record applicant has met his burden to show that her exclusion was improper. We stand by our original decision.

*Adams v. Texas,* 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980) clarified *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) and discussed its application to the Texas capital murder scheme. *Adams* held that "a juror may not be challenged for cause based on his views about capital punishment unless those views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." *Adams,* 448 U.S. at 45, 100 S.Ct. at 2526. This standard is a limitation on the State's power to exclude. If venirepersons are excluded on " 'any broader basis' than inability to follow the law or abide by their oaths, the death sentence cannot be carried out. *Witherspoon v. Illinois,* 391 U.S. at 522, n. 21, 88 S.Ct. 1770, 20 L.Ed.2d 776, 46 Ohio Ops2d 368." *Adams,* 448 U.S. at 48, 100 S.Ct. at 2528.

■ Madrigal initially told the court that she did not think that knowledge of the potential penalty of death would "affect" her verdict or "influence" her.[1] Then she stated that she could not say whether she would be affected or not, and finally she said that although she "could vote with the other people and decide on the guilt or the innocence of anyone," she still could not answer whether she would be "affected." The court excused Madrigal and applicant's attorney said, "Note our exception to that ruling, please." The record of the voir dire examination reveals that the questioning simply did not go far enough to show that Madrigal was disqualified for cause under *Adams,* supra, or under *Wainwright v. Witt,* —— U.S. ——, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985); Cf. *Hovila v. State,* 532 S.W.2d 293 (Tex.Cr.App.1976). The State did not satisfy its burden, as the party seeking exclusion must, to show that Madrigal was properly excludable under *Witherspoon.*

The record shows that the State did not demonstrate, through questioning, that Madrigal would be unable to faithfully and impartially apply the law. *Witt,* 105 S.Ct. at 853. Even if Madrigal had said she would be "affected" by the potential imposition of the death penalty, she would not have been subject to exclusion under *Adams,* 448 U.S. at 49–50, 100 S.Ct. at 2528. Mardrigal was excluded on a "broader basis" than is permissible under *Adams.* She was prematurely and improperly excused in violation of the *Adams-Witt* rationale.

■ We turn now to the State's contention that this error in excluding Madrigal was not preserved at trial. The voir dire took place in January and February of 1977, over three years before the June 1980 decision in *Adams. Adams* applied *Witherspoon* to the Texas capital murder scheme and established the standard and limit under which challenges for cause can be sustained due to the "affect" of the death penalty on a venireperson's deliberation on *any issue of fact.* See V.T.C.A. Penal

---

1. Even if Madrigal had stated that she would be "affected" or "influenced", the State could not properly exclude her under the decision in *Adams,* 448 U.S. at 49–50, 100 S.Ct. at 2528.

Code, Section 12.31(b). Prior to the decision in *Adams*, venirepersons were excluded on a much broader basis under the Texas capital murder scheme. *Adams* restricted this broad exclusion under 12.31(b). Applicant objected to Madrigal's exclusion after discussion about the effect of the death penalty on her deliberation. Since *Adams* had not yet been decided, applicant had no reason to object more strenuously than he did. Cf. *Hartfield v. State*, 645 S.W.2d 436 (Tex.Cr.App.1983); *Cuevas v. State*, 641 S.W.2d 558 (Tex.Cr.App.1982).[2]

In addition, the only issue discussed during the voir dire examination of Madrigal was the effect on her consideration of applicant's guilt or innocence of the knowledge that the potential for the death penalty existed. No other topic was mentioned during the short voir dire examination. There is no suggestion in the record that the parties did not know the basis and nature of applicant's objection. In this situation, like that in *Hartfield*, supra, and *Roeder v. State*, 688 S.W.2d 856 (Tex.Cr. App.1985), applicant's "exception" to the court's ruling preserved error.

█ We now address the State's contention that failure to raise this issue on direct appeal bars applicant from raising it by writ of habeas corpus. As previously discussed, applicant correctly contends that the exclusion of Madrigal, even if she said that her deliberations would be "affected" by the potential for the death penalty under the language of 12.31(b), was not permissible under the constitutional dictates of *Witherspoon*. And, as we pointed out previously, the applicability of *Witherspoon* to the language of 12.31(b) was not explained until *Adams*, which was decided after the date of applicant's trial and after the case was submitted to this Court on appeal. It is well established that habeas corpus will lie only to review jurisdictional defect or denials of fundamental or constitutional rights. *Ex Parte Watson*, 601 S.W.2d 350

(Tex.Cr.App.1980) and cases cited therein. Exclusion of venirepersons in violation of *Adams* and *Witherspoon* violates the Sixth and Fourteenth Amendments to the United States Constitution, and a death sentence so imposed cannot be carried out. *Witherspoon*, 391 U.S. at 518, 522, 88 S.Ct. at 1775, 1777. Applicant preserved his objection to the exclusion of Madrigal and may bring his claim of constitutional violation by writ of habeas corpus. See *Cuevas*, supra; *Ex Parte Chambers*, 612 S.W.2d 572 (Tex.Cr.App.1981); *Ex Parte Martin*, 479 S.W.2d 280 (Tex.Cr.App.1972). Applicant may raise his contentions concerning the constitutionality of 12.31(b) as it applied to the exclusion of Madrigal because he did not have the opportunity to have his constitutional issue reviewed in light of the decision in *Adams*, since *Adams* had not been decided.[3]

The State's motion for rehearing is denied.

ONION, P.J., concurs in result.

McCORMICK, J., not participating.

---

2. See *Ex Parte Chambers*, 688 S.W.2d 483 (Tex. Cr.App.1985), cert. denied, —— U.S. ——, 106 S.Ct. 181, 88 L.Ed.2d 150 (1985).

3. We note that the instant case does not implicate *Crawford v. State*, 617 S.W.2d 925 (Tex.Cr. App.1981) because we hold that applicant preserved error at the trial level.