United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30062
Conference Calendar

_____

PARADISE VILLAGE CHILDREN'S HOME INC.; ET AL.;

                                    Plaintiffs,

ZEONIA LIGGINS; LILLIAN OVERTON; LORETTA LIGGINS;
ROBIN JACKSON; DORIS KEY; J.R. LIGGINS; HENRY LIGGINS, SR.;
CHARLES H. BRADFORD; WALTER KEY, JR.; BELINDA BONNETT,

                                    Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA; MICHAEL B. TAYLOR,
State Director Rural Development LA State Office;
DOYLE ROBINSON, Field Representative Rural Development
Louisiana State Office and His Personal Capacity; TERRY A.
DOUGHTY, Attorney & In His Personal Capacity; ALLEN FREEMAN;
IVORY SMITH; HAZEL LIVINGSTON; ELOISE RABON; ARTHUR HAMLIN;
WAYNE BINGS; MOREHOUSE ECONOMIC DEVELOPMENT CORP.,
Development District A Louisiana Corporation thru Its
Registered Agent James Christmas; INNOVATIVE INTELLIGENCE
INSTITUTE,

                                    Defendants-Appellees,

CHARLES HERRING; CHARLES THEUS,

                                    Appellees.

                    ---------------------
        Appeal from the United States District Court
           for the Western District of Louisiana
                   USDC No. 02-CV-0603
                    ---------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

The plaintiffs-appellants appeal the dismissal of their claims filed under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. They argue that the district court erred insofar as it held that Paradise Village Children's Home, Inc. could not proceed pro se because it was a corporate entity. However, "a corporation can appear in a court of record only by an attorney at law." Southwest Express Co. v. Interstate Commerce Comm'n, 670 F.2d 53, 55 (5th Cir. 1982). Appellants' argument that J. R. Liggins is constitutionally entitled to proceed pro se on behalf of the corporation is therefore rejected.

Insofar as the appellants have requested in the alternative that they be afforded additional time in which to retain counsel and amend their complaint, that request is DENIED. The appellants have failed to address any of the district court's rulings that served as the basis for the dismissal of their claims, and they have therefore waived their review. See Yohey v. Collins, 985 F.2d 222, 228 (5th Cir. 1993). The appeal is therefore frivolous and is dismissed as such. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

APPEAL DISMISSED; ALL OUTSTANDING MOTIONS DENIED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.