IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. AP-75,513






EX PARTE JORGE W. CRUZATA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM EL PASO COUNTY






 Meyers, J., filed a dissenting opinion.



DISSENTING OPINION


 I reiterate my dissenting opinion in Ex Parte Townsend, 137 S.W.3d 79 (Tex.
Crim. App. 2004). I'm not sure why we still have the writ of habeas corpus since we
keep whittling away its uses. 

 In Ex Parte Drake, we stated that habeas corpus should generally not be used to re-litigate matters which were addressed on appeal, 883 S.W.2d 213, 215 (Tex. Crim. App.
1994), citing Ex Parte Schuessler, 846 S.W.2d 850 (Tex. Crim. App. 1993). More
recently we have said that habeas corpus may not be used to assert claims that could have
been asserted on direct appeal. Townsend, 137 S.W.3d at 81. This implies that anything
that could have been raised on direct appeal-whether it was actually raised or not-is now
forbidden from habeas corpus relief. However, we routinely say that an application for
writ of habeas corpus is a better vehicle for us to review ineffective assistance of counsel
claims even though such claims could be raised on direct appeal. So what is the writ of
habeas corpus for these days? 

 It is not just for newly discovered evidence and ineffective assistance claims. In
Ex Parte Goodman, 816 S.W.2d 383, 385 (Tex. Crim. App. 1991), we stated that,
although habeas corpus is traditionally unavailable to review matters which were raised
and rejected on appeal, claims involving jurisdictional defects or invoking fundamental
constitutional rights may be raised. See also Ex Parte Shields, 550 S.W.2d 670 (Tex.
Crim. App. 1976) (granting relief due to lack of jurisdiction); Ex Parte Clark, 597 S.W.2d
760 (Tex. Crim. App. 1979) (granting relief due to the trial court's failure to apply the
law to the facts of the case); See Ex Parte Bravo, 702 S.W.2d 189 (Tex. Crim. App. 1982)
(granting relief due to the improper excusal of a veniremember); Ex Parte Russell, 738
S.W.2d 644 (Tex. Crim. App. 1986) (granting relief due to improper admission of void
prior conviction); Ex Parte Schuessler, 846 S.W.2d at 852-53 (granting relief due to lack
of jurisdiction). 

 I disagree with the majority's statement that habeas corpus may not be used to
assert claims that could have been raised on direct appeal. While the writ is an
extraordinary remedy, it is simply not true that habeas relief is limited to claims involving
issues that could not have been raised on direct appeal. We should not use the fact that an
issue was not raised on direct appeal as a procedural bar. Therefore, I respectfully
dissent.


 Meyers, J.


Filed: April 18, 2007

Publish