LIU, J., Concurring.
I write briefly in response to the Chief Justice’s concurring opinion.
Gray v. Mississippi (1987) 481 U.S. 648 [95 L.Ed.2d 622, 107 S.Ct. 2045] (Gray) was decided 11 years after Davis v. Georgia (1976) 429 U.S. 122 [50 L.Ed.2d 339, 97 S.Ct. 399], which summarily reversed a death sentence where the trial court had erroneously excluded a prospective juror for cause based on the juror’s views concerning the death penalty. In Gray, the United States Supreme Court had the opportunity to revisit Davis and apply harmless error review to such erroneous exclusions. A majority of the court declined to do so, with Justice Powell casting the swing vote. (See Gray, at p. 661; id. at p. 670 (cone. opn. of Powell, J.).) Over a thorough and vigorous dissent (see id. at p. 672 (dis. opn. of Scalia, J.)), the five-justice majority agreed that the error required reversal because “we cannot know what effect the excluded juror would have had on the panel as a whole.” (Id. at p. 671 (cone. opn. of Powell, J.); see id. at p. 665 (opn. of the court).)
One year later, after Justice Kennedy succeeded Justice Powell, the court returned to the issue of for-cause excusáls of prospective jurors based on their views concerning the death penalty in Ross v. Oklahoma (1988) 487 U.S. 81 [101 L.Ed.2d 80, 108 S.Ct. 2273] (Ross). This time, the court considered a defendant’s claim that his constitutional rights were violated because he was forced to use a peremptory challenge to remove a prospective juror who should have been, but was not, excused for cause. (Id. at p. 83.) The defendant relied on Gray, particularly its statement that “ ‘the relevant inquiry is “whether the composition of the jury panel as a whole could possibly have been affected by the trial court’s error.” ’ ” (Id. at p. 87, quoting Gray, supra, 481 U.S. at p. 665.) In response, a different five-justice majority explained: “We decline to extend the rule of Gray beyond its context: the erroneous ‘ Witherspoon exclusion’ of a qualified juror in a capital case. We think the broad language used by the Gray Court is too sweeping to be applied literally, and is best understood in the context of the facts there involved. One of the principal concerns animating the decision in Gray was the inability to know to a certainty whether the prosecution could and would have used a *847 peremptory challenge to remove the erroneously excused juror. [Citations.] In the instant case, there is no need to speculate whether [the prospective juror] would have been removed absent the erroneous ruling by the trial court; [the prospective juror] was in fact removed and did not sit.” (Ross, at pp. 87-88, fn. omitted.) Ross applied harmless error review and, finding no prejudice, sustained the death judgment. (Id. at p. 91.) The four justices who, along with Justice Powell, comprised the majority in Gray filed a dissent. (Id. at p. 92 (dis. opn. of Marshall, J.).)
The Chief Justice says Ross “criticized” the rule in Gray. (Cone. opn. of Cantil-Sakauye, C. J., ante, at p. 843.) It may well be that the five justices in the Ross majority—the four dissenters in Gray plus Justice Kennedy— believed Gray was wrongly decided. But Ross did not disavow or overrule Gray. The court simply distinguished Gray and declined to extend its rationale beyond situations involving an erroneous excusal for cause, where the “animating” concern is “the inability to know to a certainty whether the prosecution could and would have used a peremptory challenge to remove the erroneously excused juror.” (Ross, supra, 487 U.S. at p. 88.)
The Chief Justice contends that Gray and Ross considered together lack a certain theoretical purity. (See cone. opn. of Cantil-Sakauye, C. J., ante, at pp. 843-844.) But Ross itself makes explicit the ground of distinction between the two cases, and in the two and a half decades since Gray and Ross were decided, state and federal courts have dutifully applied their respective holdings without complaint and without any split of authority. There appear to be few cases where a trial court has erroneously excluded a prospective juror for cause resulting in an unknowable effect on the composition of the jury as a whole. But in the few cases where this has occurred, courts have consistently applied Gray. (See People v. Stewart (2004) 33 Cal.4th 425, 432 [15 Cal.Rptr.3d 656, 93 P.3d 271]; People v. Heard (2003) 31 Cal.4th 946, 951 [4 Cal.Rptr.3d 131, 75 P.3d 53]; Szuchon v. Lehman (3d Cir. 2001) 273 F.3d 299, 329-331; U.S. v. Chanthadara (10th Cir. 2000) 230 F.3d 1237, 1272-1273.) There are significantly more cases where a trial court has erroneously failed to exclude a prospective juror but the juror did not end up sitting on tire jury. In such cases, courts have consistently applied Ross to find harmless error. (E.g., People v. Farley (2009) 46 Cal.4th 1053, 1096 [96 Cal.Rptr.3d 191, 210 P.3d 361]; People v. Wallace (2008) 44 Cal.4th 1032, 1056 [81 Cal.Rptr.3d 651, 189 P.3d 911]; People v. Gordon (1990) 50 Cal.3d 1223, 1246-1247 [270 Cal.Rptr. 451, 792 P.2d 251]; Beuke v. Houk (6th Cir. 2008) 537 F.3d 618, 638; Soria v. Johnson (5th Cir. 2000) 207 F.3d 232, 242-243 & fn. 12; U.S. v. Nururdin (7th Cir. 1993) 8 F.3d 1187, 1191; Pickens v. Lockhart (8th Cir. 1993) 4 F.3d 1446, 1450-1451; U.S. v. Farmer (11th Cir. 1991) 923 F.2d 1557, 1566; Pursell v. Horn (W.D.Pa. 2002) 187 F.Supp.2d 260, 322; Ward v. State (find. 2009) 903 N.E.2d 946, 954-955.)
*848 Neither Gray nor Ross, singly or together, has proven unworkable. No factual premise of either decision has changed in the past 25 years. And far from having been eroded by subsequent legal developments, both cases have been repeatedly and faithfully applied by state and federal courts. There is no basis in the doctrine of stare decisis for revisiting this settled law.
Respondent’s petition for a rehearing was denied September 26, 2012.