ON MOTION FOR REHEARING

THOMAS, J.
The State seeks rehearing after this court’s opinion reversing Appellant’s conviction due to the trial court’s error granting, over Appellant’s objection, the State’s challenge for cause as to a prospective juror. In its Answer Brief, the State conceded the error, but argued that it was harmless because the State still had available to it a peremptory challenge that it *535 could have used to strike the juror — a position directly rejected by the Florida Supreme Court in Ault v. State, 866 So.2d 674 (Fla.2003). For the reasons explained below, we withdraw our former opinion of Blake v. State, — So.3d — (Fla. 1st DCA 2013), and substitute this opinion in its place.
Appellant appeals his conviction for aggravated assault with a deadly weapon and burglary of a dwelling while committing a battery or assault. He raises two issues, arguing: 1) the trial court reversibly erred by granting the State’s challenge for cause as to a particular juror; and 2) there was insufficient competent, substantial evidence to support the charge of burglary with assault. Because we agree with Appellant as to the first issue, we need not address the second.
During voir dire, the subject prospective juror indicated that he was engaged to a public defender in a different circuit. He acknowledged that his fiancee talked to him about the types of cases she worked on, but indicated he would have no problem finding a person guilty if the evidence supported such a result. The State moved to strike for cause this prospective juror solely on the basis of his engagement to a public defender employed in a different circuit. Over Appellant’s objection, the court granted the strike. Appellant objected to the jury panel before it was sworn.
Appellant argues that the State’s reason for its strike request was insufficient to warrant striking the prospective juror. The State correctly concedes error, but argues the error was harmless because it still had an unused peremptory challenge that could have been used to strike the juror. Appellant correctly argues that this argument was rejected by our supreme court in Ault, which, in turn, was based on United States Supreme Court precedent:
The State argues that even if Reynolds was erroneously removed for cause, the error was harmless as the State had two peremptory challenges left at the end of voir dire questioning and could have used one of these to strike Reynolds. We conclude that such error is not subject to harmless error analysis. See Gray v. Mississippi, 481 U.S. 648, 107 S.Ct. 2045, 95 L.Ed.2d 622 (1987); Davis v. Georgia, 429 U.S. 122, 97 S.Ct. 399, 50 L.Ed.2d 339 (1976); Farina v. State, 680 So.2d 392, 396 (Fla.1996). As the United States Supreme Court explained in Gray,
The unexercised peremptory argument assumes that the crucial question in the harmless-error analysis is whether a particular prospective juror is excluded from the jury due to the trial court’s erroneous ruling. Rather, the relevant inquiry is “whether the composition of the jury panel as a whole could possibly have been affected by the trial court’s error.”
866 So.2d at 686 (emphasis in original).
In its rehearing motion, the State argues that the precedent of the U.S. Supreme Court case of Gray v. Mississippi, 481 U.S. 648, 107 S.Ct. 2045, 95 L.Ed.2d 622 (1987), upon which our supreme court relied in Ault, was limited to capital cases in the later decision of Ross v. Oklahoma, 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988). But the Florida Supreme Court’s decision in Ault was decided in 2003 — 15 years after Ross — and yet our supreme court did not limit the concept pronounced in Gray to capital cases only. Thus, Ault is controlling, and we are constrained to apply its rationale to non-capital cases such as this one. Consequently, although the State’s concession of the trial court’s error is correct, its harmless error argu *536 ment is not. Thus, we reverse and remand for a new trial.
REVERSED and REMANDED.
WOLF and MARSTILLER, JJ., concur.